133 F.3d 922
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Joseph W. MARTI, Jr.; Mike Alsop; Greg McDonald; Ray
Powers; James E. Swift; Steve Nelson; Milton Jones; Eric
Cole, Jr.; Robert Edmound; Fred Hodges, Jr.; Mike
Jablonowski; David First; Martin Hooper; Plaintiffs-Appellants,
George PETSOFF; Plaintiff,
Mike ABERNATHY; Rick A. Atchley; John J. Caswell, Jr.;
Maury Weiner; Paul Diecker; Joe Gaeta; Chris Cannon;
Henry Meyers; Barry McClintock; Jerry Holloway; Nick
Millick; Patrick Dougherty; Chris Schenk; Plaintiffs-Appellants,
Keith LOMBARDO; Plaintiff,
Dan HENSLEY; Joe Insalaco; Plaintiffs-Appellants,
John DOE, I through XX; Salvatore Orlando; Byron Carson; Plaintiffs,
Keith MOOREHEAD; Daniel Murphy; Chris Cannon; Henry
Meyers; Raymond Marti, III; John W. Turner;
Clarence Aulbach, Jr.; Plaintiffs-Appellants,
v.
GREY EAGLE DISTRIBUTORS, INC.; Defendant-Appellee.
 No. 97-2470.
 United States Court of Appeals, Eighth Circuit.
 Submitted Jan. 16, 1998.
Filed Feb. 2, 1998.
 
 Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The plaintiffs in this lawsuit alleged violations of the Fair Labor Standards Act and asserted other claims against their employer, Grey Eagle Distributors, Inc. The District Court[1], having granted Grey Eagle's motion to reconsider a previously granted motion by the plaintiffs to amend the complaint by interlineation to add approximately thirty new plaintiffs, then granted summary judgment for Grey Eagle on statute-oflimitations grounds. In granting Grey Eagle's motion for reconsideration, the court found that the addition of the approximately thirty new plaintiffs would be in direct contravention of the court's order establishing a cut-off date for adding plaintiffs.
 
 
 2
 In this appeal, the plaintiffs contend the District Court abused its discretion by granting Grey Eagle's motion for reconsideration. Having reviewed the case, we find no abuse of discretion. We further find that the issues do not warrant extended discussion. See 8th Cir. R. 47B.
 
 
 3
 Grey Eagle characterizes the appeal as frivolous and requests an award of attorney fees incurred in its defense of the appeal. The plaintiffs' arguments are convoluted and confusing, and some of them, we agree, are plainly frivolous. But even though we discern no merit in any of the plaintiffs' arguments, we are not prepared to say that the appeal as a whole is entirely frivolous. Accordingly, the request for attorney fees is denied. Grey Eagle is, of course, entitled to recover its costs. See Fed. R.App. P. 39; 8th Cir. R. 39A.
 
 
 4
 The decision of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri